02-10-184-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00184-CR

 

 


 
 
 RONALD NEAL
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 213TH District Court OF
Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Ronald Neal entered an open plea of guilty to one count of murder.  After the
trial court ordered preparation of a presentence investigation report and
conducted a sentencing hearing, the trial court found Appellant guilty and
sentenced him to eighty years’ confinement. 

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of the motion.  In the brief, counsel avers that, in his
professional opinion, this appeal is frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct.
1396 (1967), by presenting a professional evaluation of the record and
demonstrating why there are no arguable grounds for appeal.  We gave Appellant
an opportunity to file a pro se brief, and Appellant filed a pro se brief that
raises three points.[2]  The State did not file a
brief.

          After
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays
v. State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). 
Only then may we grant counsel’s motion to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

          Because
Appellant entered an open plea of guilty, our independent review for potential
error is limited to potential jurisdictional defects, the voluntariness of
Appellant’s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.  See Monreal v.
State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).

          We
have carefully reviewed counsel’s brief, Appellant’s brief, and the appellate
record.  We agree with counsel that this appeal is wholly frivolous and without
merit; we find nothing in the record that arguably might support any appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). 
Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s
judgment.

 

PER CURIAM

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 10,
2011









          [1]See Tex. R. App. P. 47.4.





[2]Appellant contends in his
three points that he presented legally and factually sufficient evidence of
sudden passion and that the trial court erred by admitting an autopsy
photograph.  Our review of the briefs and record included, but was not limited
to, these matters.